AL FRANCKOWIAK, PERSONAL REPRESENTATIVE OF THE ESTATE
OF ANDREW FRANCKOWIAK, DECEASED, APPELLEE, V. TRAVIS
NELSON, APPELLEE, AND R.C.K. DISTRIBUTING, INC., A
NEBRASKA CORPORATION, APPELLANT.

387 N.W.2d 707

Filed June 6, 1986.   No. 84-974.

Neil W. Schilke of Sidner, Svoboda, Schilke, Wiseman, Thomsen & Holtorf, for appellant.

Don J. Sixta of Krafka & Sixta, for appellee Franckowiak.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant R.C.K. Distributing Co., Inc., appeals from a judgment entered in favor of Al Franckowiak, personal representative of the estate of Andrew Franckowiak, deceased, resulting from an action brought to collect on an account receivable. We affirm.

Although this began as a simple lawsuit to collect for the sale of aluminum cans by the plaintiff's decedent to the defendant during October and November of 1982, the defendant, perhaps with some justification, has overly complicated it with allegations relating to Andrew Franckowiak's earlier bankruptcy. By way of defense, defendant states that the bankrupt decedent wrongfully accepted payments made by R.C.K. which were properly owing to the bankrupt estate for purchases made prior to the termination of the bankruptcy proceedings. As such, the defendant argues that those payments should be reallocated and credited against debts incurred by R.C.K. after the bankruptcy estate was closed.

Beginning in November of 1981, Andrew Franckowiak and R.C.K. began a course of dealing by which Franckowiak would collect and load, on an Alcoa-owned semitrailer, discarded

aluminum cans which were eventually picked up by a CanPak employee and paid for, at an agreed-upon price per pound, by R.C.K. The record indicates that 52 such transactions took place during the existence of that business relationship which continued through at least November 11, 1982.

On July 2, 1982, Franckowiak filed a petition in bankruptcy under chapter 7 of the Bankruptcy Act. His signed declaration revealed, among other things, that he held a contingent unliquidated claim for "[a]luminum cans bought for Travis Nelson on load-to-load basis, and Nelson furnishes the money." He valued the claim at $300. As a matter of fact, the balance owed by the defendant as of July 2 was $12,312.20. Additionally, during the pendency of the bankruptcy until closing on October 12, 1982, R.C.K. picked up additional trailer loads of cans worth $33,148.36. Although there are some slight discrepancies, the record would support a conclusion that payments made by R.C.K. to Franckowiak during the pendency of the bankruptcy proceedings covered that balance and those purchases.

R.C.K. was never notified of Franckowiak's bankruptcy until after Franckowiak was killed in an automobile accident and it was so informed by Franckowiak's attorney.

After the bankruptcy estate was closed on October 12, 1982, until sometime in November of 1982, R.C.K. picked up seven loads of cans valued at $19,342.12, for which it only paid $3,000. It was on that basis that plaintiff demanded payment of $16,342.12, and the trial court entered judgment in that amount against R.C.K., but dismissed the petition as to defendant Travis Nelson. There is no dispute as to those facts which fully support the judgment of the trial court.

Defendant's assignments of error essentially complain that the trial court failed to apply all payments made by R.C.K. to Franckowiak during the period of time he was in bankruptcy to indebtedness to become due him in the future; rather, defendant contends, he kept the payments himself, but applied them to the past accounts then in the legal possession of the trustee in bankruptcy, thus providing legal sanction to recovery by Franckowiak's representative of an obligation which properly passed to his creditors.

Defendant also argues that because those obligations were not properly discharged in bankruptcy because of Franckowiak's fraud, R.C.K. is liable to pay them a second time if the bankruptcy estate was reopened. In the first place R.C.K.'s fear is unfounded in light of 11 U.S.C. § 542(c) (1982), which provides:

> [A]n entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

(Codifying *Bank of Marin v. England*, 385 U.S. 99, 87 S. Ct. 274, 17 L. Ed. 2d 197 (1966).)

Secondly, R.C.K. insists that the estate of Andrew Franckowiak has been unjustly enriched by not having certain payments made by R.C.K. passed on to the bankrupt's creditors. This situation could be rectified only if the payments improperly received by Franckowiak during the pendency of the bankruptcy proceedings could be remitted to the trustee for distribution among the bankruptcy creditors. However, this court has no jurisdiction to reopen the bankruptcy estate. U.S. Const. art. III; 28 U.S.C. § 1334 (1982).

As previously stated, this case simply involves the purchase of $19,342.12 worth of cans by R.C.K. after October 12, 1982, and payment during the same period of time of only $3,000. The judgment of the trial court in the amount of $16,342.12 was correct and is affirmed.

Plaintiff argues on appeal that he should be entitled to prejudgment interest. The problem with that contention, however, is that plaintiff failed to cross-appeal, and we may not now consider his claim.

AFFIRMED.